**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLAS WILBERGER,** ) | | C.A. No. 08-54 Erie |
| Plaintiff ) | | |
| ) | | |
| v. ) | | **District Judge Cohill** |
| ) | | **Chief Magistrate Judge Baxter** |
| **ELIZABETH ZIEGLER, et al.,** ) | | |
| Defendants ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that:

1. The Motion to Dismiss filed by Defendant District Attorney Elizabeth Ziegler [Document # 30] be granted; and

2. The Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Magisterial District Judge Cynthia K. Lindemuth [Document # 46] be granted.

It is further recommended that this case be closed.

**II.    REPORT**

**A.    Relevant Factual and Procedural History**

On February 15, 2008, Plaintiff Douglas Wilberger, an inmate formerly incarcerated[1] at the Warren County Jail in Warren, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Elizabeth Ziegler, District Attorney for Warren County, Pennsylvania ("Ziegler"), and Magisterial District Judge Cynthia K. Lindemuth ("Lindemuth"). In his original complaint, Plaintiff contended that his rights under the fourth and fourteenth amendments to the United States Constitution were violated by Defendant Lindemuth because an Affidavit of Probable Cause was "not properly issued on an independent determination of probable cause;" however, Plaintiff did not raise any specific allegations against Defendant

---

1. Plaintiff was released from Warren County Jail on or about October 24, 2008.

Ziegler. As relief for his claims, Plaintiff requested a release from custody, dismissal of charges with prejudice, compensation of $200.00 a day for work loss, and a probable cause hearing.

On June 12, 2008, Defendant Lindemuth filed a motion to dismiss Plaintiff's complaint, contending that Plaintiff's claims against her were barred by absolute judicial immunity and/or sought to challenge his criminal conviction in violation of Heck v. Humphrey, 512 U.S. 477 (1994). [Document # 13]. In response to said motion, Plaintiff filed an amended complaint claiming that he and other similarly situated Warren County Jail inmates were never provided a probable cause hearing by Defendant Lindemuth. In addition, Plaintiff added a claim of malicious prosecution against Defendant Ziegler, for which he seeks compensatory damages of $100,000. Plaintiff also clarified that the relief sought against Defendant Lindemuth was an injunction requiring a probable cause hearing to "be afforded to all Pennsylvania inmates in Warren County with a probable cause determination...." [Document # 25]. As a result, Defendant Lindemuth's motion to dismiss was dismissed without prejudice to her right to re-state all or part of said motion in response to Plaintiff's amended complaint.

On June 13, 2008, Defendant Lindemuth filed a motion to dismiss Plaintiff's amended complaint restating the same arguments contained in her original motion, and including the additional argument that Plaintiff's request for injunctive relief is barred by the Civil Rights Act. [Document # 26]. Defendant Ziegler filed her own motion to dismiss Plaintiff's amended complaint on June 23, 2008, contending, *inter alia*, that Plaintiff's claims against her are barred by prosecutorial and/or qualified immunity. [Document # 30].

In response to both motions to dismiss, Plaintiff again amended his complaint to change his prayer for relief against Defendant Lindemuth by dropping both his claim for compensatory damages and his request to be released from custody and/or to have his conviction overturned. [Document # 34, Second Amended Complaint]. Plaintiff further clarified that the only relief sought against Defendant Lindemuth is injunctive relief in the form of a probable cause hearing and an order requiring Defendant Lindemuth "to afford all inmates who have been denied a

2

hearing and written determination of probable cause a hearing within (36) hours, no more than 48 hours." (Id. at pp. 2-3). As a result of this amendment, Defendant Lindemuth's motion to dismiss Plaintiff's first amended complaint was dismissed without prejudice to her right to re-state all or part of the same in response to the new amendment.

On December 16, 2008, Defendant Lindemuth filed a motion to dismiss Plaintiff's second amended complaint [Document # 46], arguing, *inter alia*, that Plaintiff has failed to state a cognizable claim for injunctive relief. This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.     Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly,127 S.Ct. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v.

The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 127 S.Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. Defendant Ziegler

4

Plaintiff claims that Defendant Ziegler committed malicious prosecution by "for[cing] prosecution upon the Plaintiff even after reading the affidavit of probable cause and seeing their [sic] was never a written independent determination of probable cause on the face of the affidavit,..." (Document # 33, Second Amended Complaint, at p. 3).

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Plaintiff's claims against Defendant Ziegler are judicial in nature. As a result, Defendant Ziegler is immune from liability under the doctrine of absolute prosecutorial immunity and the claims against her should be dismissed.

### 2. Defendant Lindemuth

Plaintiff claims that Defendant Lindemuth "violated due process when on the affidavit of probable cause was not properly issued on a[n] independent determination of probable cause in writing on the face of the affidavit by the issuing authority." (Complaint at Section IV.C). As relief, Plaintiff is requesting an injunction requiring Defendant Lindemuth "to afford all inmates who have been denied a hearing and written determination of probable cause hearing within (36) hours, no more than 48 hours." (Second Amended Complaint at pp. 2-3).

In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FCIA was to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[2]

In this case, Plaintiff accuses Defendant Lindemuth of failing to give him and other similarly situated inmates a probable cause hearing within 36 to 48 hours after arrest. It is clear

---

[2]

In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:

> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984) ...
>
> In Pulliam, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

from these allegations that Defendant Lindemuth's allegedly improper conduct occurred within her judicial capacity. There is no claim or evidence that any declaratory decree was violated, nor is there any indication that declaratory relief is unavailable in this case. As a result, the judicial immunity expressly provided by Section 1983, by virtue of the FCIA's amendment, bars Plaintiff's claim against Defendant Lindemuth, and such claim should be dismissed.

Moreover, to the extent Plaintiff may still be seeking compensatory and/or punitive damages against Defendant Lindemuth, it is generally accepted that judicial officers are also immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged action or inaction of Defendant Lindemuth was taken in her judicial capacity and was within her respective jurisdiction. Thus, as to any remaining claim for compensatory and punitive damages against her, Defendant Lindemuth is absolutely immune.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The Motion to Dismiss filed by Defendant District Attorney Elizabeth Ziegler [Document # 30] be granted; and

2. The Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Magisterial District Judge Cynthia K. Lindemuth [Document # 46] be granted.

It is further recommended that this case be closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                 S/Susan Paradise Baxter
                                                 SUSAN PARADISE BAXTER
                                                 Chief United States Magistrate Judge

Dated: February 4, 2009

cc:     The Honorable Maurice B. Cohill
        United States District Judge